**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 3 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. WAHEED CHAUDRY, | No. 12-55019 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00508-JAH-NLS |
| v. | |
| CALIFORNIA COURT OF APPEAL, Fourth Appellate District Division One; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 25, 2014[**]

Before:   HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

A. Waheed Chaudry appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising from state court appellate

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument and grants defendants' motions, filed on April 1 and 9, 2014, to submit this case on the briefs.  *See* Fed. R. App. P. 34(a)(2).

proceedings involving him and his homeowners association. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Chaudry's claim for damages against defendant Haller in her individual capacity because Haller is entitled to judicial immunity. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (explaining that "[a] judge is not deprived of immunity because he takes actions which are in error . . . or are in excess of his authority[,]" and setting forth the two exceptions to judicial immunity). Contrary to Chaudry's contention, Chaudry failed to allege facts sufficient to show that Haller acted in clear absence of all jurisdiction. *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981) (discussing the distinction between acts taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction").

To the extent that Chaudry sued Haller for damages in her official capacity, the district court properly dismissed Chaudry's claim because Haller is entitled to Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (state officials sued for damages in their official capacities are entitled to Eleventh Amendment immunity).

Dismissal of Chaudry's claims against defendant Whispering Ridge Homeowners Association was proper because federal courts are required to abstain from interfering with pending state court proceedings. *See Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (listing the requirements for *Younger* abstention and explaining that the doctrine applies to actions for equitable relief); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-14 (1987) (states have an important interest in enforcing the orders and judgments of their courts).

Because we affirm dismissal on immunity and *Younger* grounds, we do not address Chaudry's contentions concerning the district court's application of the *Rooker-Feldman* doctrine to his complaint.

The district court did not abuse its discretion by denying Chaudry's motion for leave to file his proposed first amended complaint. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We reject as unsupported by the record Chaudry's contention that the district court's recusal and reassignment decisions denied him any fundamental rights.

Defendant Whispering Ridge Homeowners Association's opposed motion to strike, filed on June 21, 2013, is granted.

12-55019

All other pending motions are denied.

**AFFIRMED.**

12-55019